United States District Court
Southern District of Indiana
Indianapolis Division

Ra'mar Daniels,
    Plaintiff,

V.

Tim Greathouse,
Dennis Reagle,
Patrick Thomas, Defendants

Case No: 1:23-cv-116-RLY-MG

FILED
01/19/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## Complaint

1. This is a civil action authorized by 42 U.S.C section 1983 to redress the deprivation of rights, under color of state law, secured by the united constitution of the united states. This court has jurisdiction under 28 U.S.C section 1331 and 1343 (a)(3). Plaintiff, Ra'mar Daniels, seeks declaratory relief pursuant to 28 U.S.C section 2201 and 2202. Plaintiff's claim seek injunctive relief authorize by 28 U.S.C section 2283 and Rule 65 of the federal Rules of civil Procedure.

2. The southern District of Indiana is an appropriate venue under 28 U.S.C section 1391(b)(2) because it is where the events giving rise to those claims took place.

### II. Plaintiff

3. Plaintiff, Ra'mar Daniels is and was at all times mentioned herein a prisoner of the state of Indiana in the custody of the Indiana Department of Correction. He is currently confined in the Pendleton Correctional Facility.

### III. Defendants

4. Defendant Tim Greathouse is the Unit Team Manager employed by the Indiana Department of Correction.

5. Defendant Dennis Reagle is the warden employed by the Indiana Department of Correction.

6. Defendant Patrick Thomas is a correctional officer employed by the Indiana Department of Correction.

## IV Facts

**Greathouse**: Defendant Greathouse had plaintiff placed on strip cell status because he sued correctional officer Christina Cooke for finding him guilty of a false assault charge to have plaintiff placed in segregation for no reason. see Daniels v. Cooke 1:20-cv-01752-JMS-TAB. Defendant Greathouse controled (GCH) G cell house and all decisions to place offenders go through him. Plaintiff was not given any due process to see why he was being removed from his assigned cell and placed on "Strip-cell", the only thing plaintiff was told by Defendant Thomas was that he kicked the lock off his cell door so he was being put on strip-cell. After plaintiff was punished and served his time on strip-cell for a false charge he was let off and told it was a mistake.

**Reagle**: Defendant Reagle allowed Defendant Greathouse to punish the plaintiff for a false charge. The prison officals at Pendleton Correctional facility are retallating against the plaintiff for suing Christina Cooke and Defendant Reagle in his grievance response tryed to make it seem like punishment first and guilt determination after is due process. see attached Grievance

**Thomas**: Defendant Thomas is the officer who placed handcuffs on the plaintiff and put him in a strip-cell after the plaintiff told him that he did not kick any lock off the door and the plaintiff informed Defendant Thomas that the lock is on the door and Defendant Thomas "unlocked" the lock that was allegedly kicked off the door and cuffed the plaintiff and claimed it was out of his hands. Defendant Thomas has also been retaliating against the plaintiff because Christina Cooke was sued. Defendant also assaulted the plaintiff and was sued hisself by the plaintiff. see Daniels v. Vanhirk et al 1:22-cv-00924-JMS-MKK.

## V. Exhaustion of Legal Remedies

7. Plaintiff did use the prison grievance process.

## VI. Legal Claims

8. Plaintiff realleges and incorporates by reference paragraphs 1-8.

9. The actions of the Defendants violated the Plaintiff's 1st, 8th, and 14th amendments to the united states.

10. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless the court grants the declaratory and injunctive relief which Plaintiff seeks.

## VII. Prayer For Relief

Wherefore, plaintiff respectfully prays that this court enter Judgment granting plaintiff 500,000.

11. A declaration that each of the acts and omissions described herein violated plaintiff's rights under the constitution and the laws of the united states.

12. A preliminary and permanent injunction ordering a transfer to a safer facility.

13. Compensatory Damages in the amount of five hundred thousand dollars against each defendant for each act and omission.

14. Punitive Damages in the amount of five hundred thousand against each defendant for each act and omission.

15. A Jury trial on all issues triable by jury.

16. Plaintiff cost in this suit.

17. Any additional relief this court deems just, proper and equitable.

Date 1/19/23

Respectfully,

x Ra'mar Daniels
-----
Ra'mar Daniels   Doc# 104542
4490 w. Reformatory RD.
Pendleton, IN 46064

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Pendleton, IN on: 1/19/23

x Ra'mar Daniels
-----
Affirmation